UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TYTAVION WHITFIELD, <br><br> Plaintiff, <br><br> v. <br><br> DEL GARCIA, LORI BYRD, MCMULLEN, HAYES, JACKSON, CALENDER, <br><br> Defendants. | CAUSE NO. 2:25-CV-207-TLS-JEM |

**OPINION AND ORDER**

TyTavion Whitfield, a prisoner without a lawyer, filed an amended complaint. ECF 10. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Whitfield, who is incarcerated at the Grant County Jail, is suing Nurse Lori Byrd because he alleges that the medical care he received for a rash and two separate instances involving tooth pain was inadequate. He is also suing various jail staff because of conditions at the jail, including but not limited to inadequate ventilation, moldy showers, toilets that back up, and an inadequate laundry services. His complaint names Del Garcia, Sgt. McMullen, C.O. Hayes, Corporal Jackson, and Corporal Calender in relationship to these claims.

He also indicates that he is suing Del Garcia because he is responsible for the operation of the jail, its staff, and the welfare of the inmates. Whitifled, however, does not describe any

personal involvement on the part of Del Garcia in either the allegedly inadequate medical care or in relationship to the various conditions of confinement. There is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. at 596. Because the complaint does not allege any personal involvement on the part of Del Garcia, Whitfield cannot proceed against him.

Whitfield's remaining allegations regarding Nurse Byrd's allegedly inadequate medical care and various officers' inadequate response to complaints about Whitfield's conditions of confinement are not part of the same transaction or occurrence and cannot be brought in the same lawsuit. "Unrelated claims against different defendants belong in different suits . . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017). When a pro se prisoner files a suit with unrelated claims, the court has several options. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). It is this court's practice to notify the plaintiff and allow him to decide which claim (or related claims) to pursue in the instant case – as well as to decide when or if to bring the other claims in separate suits. *Id*. ("The judge might have been justified in directing Wheeler to file separate complaints, each confined to one group of injuries and defendants."). This is the fairest solution because "the plaintiff as master of the complaint may present (or abjure) any claim he likes." *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009).

The court could properly limit this case by picking a claim (or related claims) for Whitfield because "[a] district judge [can] solve the problem by . . . dismissing the excess defendants under Fed.R.Civ.P. 21." *Wheeler*, 689 F.3d at 683. Alternatively, the court could split the unrelated claims because "[a] district judge [can] solve the problem by severance (creating

2

multiple suits that can be separately screened) . . . ." *Id*. Both of these solutions pose potential problems. Thus, it is the prisoner plaintiff who should make the decision about whether to incur those additional filing fees and bear the risk of additional strikes. However, if Whitfield is unable to select related claims on which to proceed in this case, one of these options may become necessary.

Here, there is one additional reason to allow Whitfield to select a claim or group of related claims to proceed in this case. Whitfield has submitted a list of additional defendants he wants to include in this case, but a complaint cannot be amended in piecemeal fashion in federal court. This court's local rules require that the plaintiff "reproduce the entire pleading as amended" and prohibits "incorporat[ing] another pleading by reference." N.D. Ind. L.R. 15-1. Additionally, adding the names of additional defendants without including factual allegations specific to those defendants would be pointless. As explained earlier in this order, "public employees are responsible for their own misdeeds but not for anyone else's." *Burks*, 555 F.3d 592, 596 (7th Cir. 2009).

Thus, the court will grant Whitfield an opportunity to file an amended complaint containing additional factual details and only related claims. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022–23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). Whitfield needs to decide which related claims and associated defendants he wants to pursue in this case. *See Katz*, 552 F.3d at 563; *Wheeler*, 689 F.3d at 683. Then, he needs to file an amended complaint including only a discussion of the related claims and defendants. Moreover, he should not write about other events and conditions at the prison which are not directly related to the claim against the named defendant or defendants. If he believes those other events or conditions state a claim, he needs to file separate lawsuits.

If he decides to file an amended complaint, he needs to use this court's approved prisoner complaint form, as required by Northern District of Indiana Local Rule 7-6. In the amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to put this case number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) form and send it to TyTavion Whitfield along with a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) form;

(2) GRANTS TyTavion Whitfield until **February 23, 2026**, to file an amended complaint containing only related claims on the form with this case number sent to him by the clerk; and

(3) CAUTIONS TyTavion Whitfield that, if he does not respond by the deadline or if he files an amended complaint with unrelated claims, the court will select one group of related claims and dismiss the others without prejudice.

SO ORDERED on January 21, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

4